# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 08-CV-01924-ZLW-BNB

ANTHONY HEINIG and

JENNIFER HEINIG

        Plaintiffs,

v.

WAL-MART STORES, INCORPORATED,

a Delaware Corporation,

        Defendant.

## SCHEDULING ORDER

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

The Scheduling Conference in the above case was held on November 14, 2008 at 2:30 pm. in Courtroom A-401 of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado. Appearing for the parties were:

| | |
|---|---|
| Marques A. Ivey, Esq.<br>LAW OFFICE OF MARQUES A. IVEY, PLLC<br>2101 South Blackhawk Street, Suite 180<br>Aurora, Colorado 80014<br>Telephone: 303-745-3795<br>Facsimile: 303-745-3821<br>*Attorney for Plaintiffs* | J. Mark Baird, Esq.<br>BAIRD & KIOVSKY, LLC<br>2036 East 17th Avenue<br>Denver, CO 80206-1106<br>Telephone: 303-813-4500<br>Facsimile: 303-813-4501<br>Email: jmb@bairdkiovsky.com<br>*Attorney for Defendant* |

## 2. STATEMENT OF JURISDICTION

Jurisdiction over this action is proper pursuant to 28 U.S.C. 1332, as the matter in controversy is between citizens of different States and Plaintiffs seek to recover in excess of $75,000.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiffs':

1. Plaintiffs' suffered malicious prosecution as a result of the investigation by Wal-Mart.

2. Plaintiff Jennifer Heinig has suffered emotional and physical distress as a result of Wal-Mart's negligent and outrageous actions.

3. Plaintiff Anthony Heinig has suffered an ability to obtain jobs in the same or similar field as he worked, while employed by Wal-Mart. Mr. Heinig after running various Wal-Mart stores for over 13 years, could not obtain a job at 7-11 because he was told he was unqualified.

4. Plaintiffs as a result of the negligent and outrageous conduct by the Defendant were unable to start a daycare business. The community in which they live is a small close knit community in which alleged crimes and criminal cases get around quickly. As a result of the warrant and subsequent arrest the Heinigs were prevented from starting their business.

5. As a result of the negligent and outrageous conduct of the Defendant, the Heinigs have suffered severe financial troubles to which they still are dealing with.

b. Defendant:

Wal-Mart did not subject Plaintiffs to a malicious prosecution or any negligent or outrageous conduct. Wal-Mart acted reasonably and in good faith in conducting the internal investigation at issue in this case. Plaintiffs' Complaint fails to state a claim upon which relief may be granted and is barred by the applicable statute of limitations. Further, to the extent Plaintiffs sustained any damages, those damages are attributable to the actions of third parties over whom Wal-Mart had no control.

## 4. UNDISPUTED FACT

The following facts are undisputed:

1. Plaintiffs were employed by Wal-Mart.

2. Plaintiff Anthony Heinig resigned from his employment with Wal-Mart.

3. Plaintiff Anthony Heinig was arrested by the Broomfield Police on theft charges.

4. Plaintiffs are only seeking to recover emotional distress damages and are not seeking to recover pecuniary losses for lost wages or income as a result of Defendant's alleged actions.

## 5. COMPUTATION OF DAMAGES

   *a.*   *Plaintiff:*

   1.   For outrageous conduct, in which the Plaintiff relied on erroneous information that lead to the arrest of the Plaintiff. The amount to be determined by a trier of fact.

   2.   For intentionally reckless, in which the Plaintiff relied on erroneous information that lead to the arrest of the Plaintiff. The amount to be determined by the trier of fact.

   3.   For conduct that cased the emotional harm to Plaintiff. The amount to be determined by the trier of fact.

   4.   For conduct that was negligent when making allegations against this Plaintiff. The amount to be determined by the trier of fact.

   5.   For Malicious Prosecution. The amount to be determined by the trier of fact.

   *b.*   *Defendant:*

Defendant has not asserted any claims for relief against Plaintiffs at this time.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

   a.   Date of rule 26(f) meeting:  **October 30, 2008**

   b.   Names of each participant and party he represented: Plaintiffs were represented by Marques A. Ivey and Defendant was represented by J. Mark Baird.

   c.   Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1): The parties shall have up to **November 7, 2008**, in which to exchange disclosures under Fed. R. Civ. P. 26(a)(1).

d. Statement as to when rule 26(a)(1) disclosures were made or will be made: **November 7, 2008.**

e. The parties have not agreed to any informal discovery.

f. The parties do not anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

## 7. CONSENT

All parties have consented to the exercise of jurisdiction of a magistrate judge.

## 8. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: **December 29, 2008**.

b. Discovery Cut-off: **May 8, 2009**

c. Dispositive Motion Deadline: **June 12, 2009**

d. Expert Witness Disclosure:

(1) State anticipated fields of expert testimony, if any. The parties may designate forensic document examiners as potential expert witnesses in the case.

(2) The parties do not anticipate using more than two expert witnesses per side.

(3) The parties shall designate all experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **February 2, 2009**.

(4) The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **March 6, 2009**.

(5) Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

e. Deposition Schedule:

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Anthony Heinig | 12/11/2008 | 9:00 a.m. | 7 hours |
| Jennifer Heinig | 12/12/2008 | 9:00 a.m. | 7 hours |

f. Interrogatory Schedule

**All written discovery must be served so that responses are due on or before the discovery cut-off** ~~All interrogatories will be served no later than **April 3, 2009**~~.

g. Schedule for Request for Production of Documents

**All written discovery must be served so that responses are due on or before the discovery cut-off** ~~All requests for production of documents will be served no later than **April 3, 2009.**~~

h. Schedule for Requests for Admissions

**All written discovery must be served so that responses are due on or before the discovery cut-off** ~~All requests for admissions shall be served no later than **April 3, 2009.**~~

i. Discovery Limitations:

(1) The parties will ~~each~~ be limited to no more than 8 depositions **per side**.

(2) All depositions shall be limited to no longer than 7 hours.

(3) **The parties are limited to 25 interrogatories per side** ~~The parties do not propose any modifications to the presumptive number of interrogatories contained in the federal rules~~.

(4) The parties shall be limited to no more than twenty five (25) requests for production of documents ~~or~~ **and 25** requests for admissions **per side**.

(5) Other Planning or Discovery Orders: None

## 9. SETTLEMENT

The parties certify that, as required by Fed. R. Civ. P. 26(f), they have discussed the possibilities for a prompt settlement or resolution of the case by alternate dispute resolution.

## 10. OTHER SCHEDULING ISSUES

a. The parties certify that they have discussed the discovery and scheduling issues identified herein

b. The parties anticipate a three day trial. Plaintiff has demanded a jury trial in this case.

c. The parties do not request that pretrial proceedings be conducted at the Courts facility at 212 N. Wasatch Street, Colorado Springs, Colorado.

## 11. DATES FOR FURTHER CONFERENCES

a. A settlement conference will held on **January 26, 2009, at 1:30 p.m.**

It is hereby ordered that all settlement conferences that take place before the magistrate shall be confidential.

( )	Pro se parties and attorneys only need be present.

(X)	Pro se parties, attorneys, and client representatives with authority to settle must be presents.

(X)	Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before **January 19, 2009**, outlining the facts and issues, as well as the strengths and weaknesses of their case.

b.	Status conferences will be held in this case at the following dates and times:

c.	A final pretrial conference will be **set by the trial judge.** ~~held in this case on _____ at _____ . m. A final Pretrial Order shall be prepared by the parties and submitted to the court no later than five days before the final pretrial conference.~~

## 12. OTHER MATTERS

An attorney who has appeared in a case may seek to withdraw only by written motion that conforms to the requirements of D.C.COLO.LCivR 83.3D. Withdrawal shall be effective only on court order.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures established by the judicial officer presiding over the trial of the case.

Attorneys and pro se parties must file a change of address as required by D.C.COLO.LCivR 10.1M within ten days after any change of address, e-mail address, or telephone number.

With respect to discovery disputes, parties must comply with D.C.COLO.L.CivR 7.1A.

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

### 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be amended or altered by **court order** ~~agreement of the parties or~~ upon good cause shown ~~by the moving party~~.

Dated November 14, 2008.

BY THE COURT:

 s/ Boyd N. Boland

United States Magistrate Judge

APPROVED:

| | |
|---|---|
| *s/Marques A. Ivey* | *s/J. Mark Baird* |
| ──────────────────────── | ──────────────────────── |
| Law Office of Marques A. Ivey, PLLC | Baird & Kiovsky, LLC |
| Marques A. Ivey, #34275 | J. Mark Baird, #22276 |
| 2101 South Blackhawk Street, Ste 180 | 2036 East 17th Avenue |
| Aurora, Colorado 80014 | Denver, Colorado 80206 |
| Attorney for Plaintiffs | Attorney for Defendant |