IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01924-MJW-BNB

ANTHONY HEINIG, and
JENNIFER HEINIG,

Plaintiffs,

v.

WAL-MART STORES, INC.,

Defendants.

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that Defendant Wal-Mart's Motion to Compel Discovery Responses and for Recovery of Attorneys' Fees (docket no. 28) is **GRANTED IN PART AND DENIED IN PART** as stated below:

Plaintiff has not fully responded to the discovery requests as outlined in the subject motion (docket no. 28) and Plaintiffs' objections to responding to such discovery requests are without merit. Pursuant to Fed. R. Civ. P. 26(b)(1), a party may obtain discovery regarding any matter that is relevant to the subject matter involved in the pending action or that is reasonably calculated to lead to the discovery of admissible evidence. Here, I find that Defendant Wal-Mart has carefully tailored discovery addressing Plaintiff's specific allegations in her complaint and claimed damages in this case. Such discovery requests are relevant to the issues pending before this court. Moreover, Plaintiffs failed to timely object to Defendant Wal-Mart's discovery requests. By failing to submit timely responses, Plaintiffs waived any objections to Defendant Wal-Mart's discovery requests. See Fed. R. Civ. P. 33(b)(4); Pham v. Hartford Fire Ins. Co., 193 F.R.D. 659, 661 (D. Colo. 2000). Accordingly, the subject motion (docket no. 28) is **GRANTED** in that Plaintiffs shall respond to the discovery requests as outlined in the subject motion (docket no. 28) **ON OR BEFORE MAY 22, 2009.** The remainder of the motion wherein Defendant Wal-Mart is seeking an award of attorneys' fees is **DENIED** finding that under the facts and circumstances presented, an award of expenses would be unjust. Thus, each party shall pay their own attorney fees and costs.

Date: May 11, 2009